# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO. 1:10-CV-01655-DLB PC |
|     Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON ORIGINAL COMPLAINT |
|     v. | |
| STEVE PUTNAM, et al., | |
|     Defendants. | (DOCS. 1, 12, 16) |
| / | RESPONSE DUE WITHIN 30 DAYS |

**Order**

**I.     Background**

Plaintiff Thomas L. Davis ("Plaintiff") is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff initiated this action by filing his complaint on August 31, 2010. Doc. 1. Plaintiff filed additional supplemental pleadings to his complaint on October 5, 2010 and October 13, 2010. Docs. 12, 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Complaint And Supplemental Pleadings

Plaintiff is currently incarcerated at United States Penitentiary at Atwater ("USP-Atwater") in Atwater, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants lieutenant Steve Putnam, lieutenant Cameron Brigham, lieutenant Z. Morgan, associate warden J. Bell, correctional officer Joey Garza, correctional officer J. Harris, and the DSCC administrator.

Plaintiff's original complaint consists of claims regarding deprivation of personal and legal property, housing in the Special Housing Unit, false statements by a correctional officer, and a recommended prison transfer.  Doc. 1.  Plaintiff supplemental pleadings concern his being housed with an inmate who assaulted Plaintiff.  Docs. 12, 16.

This Court does not generally permit supplemental pleadings separate from the operative pleading.  Pursuant to Local Rule 220, "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be . . . complete in itself without reference to the prior or superseded pleading."  The Court does not consider piecemeal complaints.  The Court will thus require Plaintiff to file a first amended complaint which incorporates all of Plaintiff's pleadings in this action into one filing.  Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467,

1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

If Plaintiff does not wish to file an amended complaint, Plaintiff shall notify the Court that he wishes to proceed only on the original complaint.  The Court will then screen the original complaint only.

Accordingly, it is HEREBY ORDERED that

1. The Clerk of Court is to send Plaintiff a *Bivens* complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either
    a. File a first amended complaint which incorporates all of Plaintiff's pleadings into one filing; or
    b. Notify the Court that he does not wish to amend and will proceed only on the original complaint, which will then be screened; and
3. The failure to comply with this order will result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 1, 2010**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

3