UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO. 1:10-CV-01655-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS (DOC. 1) |
| v. | |
| STEVE PUTNAM, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 9) |
| Defendants. | |

**Order**

**I.     Background**

Plaintiff Thomas L. Davis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1]  Plaintiff initiated this action by filing his complaint on August 31, 2010.  Doc. 1.  Also pending before the Court is Plaintiff's motion for preliminary injunction, filed September 22, 2010.  Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] "Actions under [42 U.S.C. § 1983] and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." *Van Stum v. Lawn*, 940 F.3d 406, 409 (9th Cir. 1991).

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is currently incarcerated at United States Penitentiary at Atwater ("USP-Atwater), where the events giving rise to this action occurred. Plaintiff names as Defendants lieutenant Steve Putnam, lieutenant Cameron Brigham, correctional officer Joey Garza, lieutenant Z. Morgan, correctional officer J. Harris, associate warden J. Bell, and the Designation and Sentence Computation Center ("DSCC") Administrator.

Plaintiff alleges the following. On November 14, 2009, Defendant Cameron Brigham stole Plaintiff's property, and then made false statements regarding that property. On December 21, 2009, Defendant J. Harris confiscated or threw away several items. Defendant Putnam was informed that half of Plaintiff's legal property was missing and that Plaintiff's old cell mate had Plaintiff's other materials. On June 30, 2010, Defendant Putnam wrote a false statement that attempted to bring Plaintiff's security level from 22 to 24. On June 21, 2010 Defendant Bell informed Plaintiff that he was being held in the Special housing unit pursuant to DSCC for security reasons until a transfer in December 2010.

Plaintiff requests as relief monetary damages, a prison transfer to Michigan, and criminal prosecution of Defendants.

///

## III.     Analysis

### A.     Due Process - Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

Here, Plaintiff contends that Defendant Brigham stole some of Plaintiff's items, and that Defendant Harris threw away some of Plaintiff's items. Plaintiff fails to state a cognizable due process claim against either Defendant. Plaintiff is alleging either a negligent or unauthorized deprivation of property, neither of which are cognizable due process claims. Plaintiff thus fails to state a claim.

### B.     Security Level

Prisoners have no liberty interest in their classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (citing 18 U.S.C. § 4081). Thus, Defendant Putnam attempting to change Plaintiff's classification status from 22 to 24 does not implicate a constitutional due process claim.[2]

///

---

[2] Plaintiff also contends that if Plaintiff's security level is raised, it will affect his sentence. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This principle, known as the favorable termination rule, *see Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994), would apply for *Bivens* claims, *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996), and Plaintiff's claim would be dismissed. As it is unclear whether Plaintiff's sentence actually was affected, the Court does not address it.

1        **C.**      **SHU Placement and Prison Transfer**

2        Plaintiff contends that Defendants Bell and the DSCC administrator are violating his
3 rights by holding him in the SHU prior to transferring him.  Prisoners have no liberty interest in
4 avoiding transfer to another prison.  *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976).  Plaintiff
5 thus fails to state a due process claim for a prison transfer.

6        Regarding Plaintiff's SHU placement, the Due Process Clause protects prisoners from
7 being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556
8 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff
9 must first establish the existence of a liberty interest for which the protection is sought.  *Id.*
10 Liberty interests may arise from the Due Process Clause itself or from state law.  *Hewitt v.*
11 *Helms*, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a
12 liberty interest in being confined in the general prison population instead of administrative
13 segregation.  *See id.*  With respect to liberty interests arising from state law, the existence of a
14 liberty interest created by prison regulations is determined by focusing on the nature of the
15 deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison
16 regulations are limited to freedom from restraint which "imposes atypical and significant
17 hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

18        Plaintiff has failed to allege an atypical and significant hardship being placed in the SHU.
19 Thus, Plaintiff fails to state a claim.

20        **D.**      **18 U.S.C. § 1595(a)**

21        Plaintiff contends that he is entitled to a civil remedy under 18 U.S.C. § 1595(a).  That
22 section governs civil liability against perpetrators of the following crimes: peonage, slavery, and
23 human trafficking.  *See id.*  Plaintiff alleges no facts that even remotely suggest such crimes were
24 committed.  Plaintiff thus has no civil remedy under 18 U.S.C. § 1595(a).

25        **E.**      **Motion For Preliminary Injunction**

26        Plaintiff contends that he was stabbed by his cell mate on September 14, 2010.  Plaintiff
27 contends that prison officials forced Plaintiff to move in with a sexual predator who assaulted
28 him.  Plaintiff requests that he be removed from USP-Atwater and placed into detention at

Fresno County Jail.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*, 129 S. Ct. at 376.  An injunction may only be awarded upon a clear showing that the movant is entitled to relief.  *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

A party seeking preliminary injunctive relief "must establish a relationship between the injury claim in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  A preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  The Court does not find that Plaintiff has requested a narrowly drawn injunction, as Plaintiff is requesting transfer from federal to county custody.  Plaintiff's motion is also unrelated to the claims that underlie his pending action.  Additionally, the Court finds that Plaintiff is unlikely to succeed on the merits, as Plaintiff has failed to state a claim.  Accordingly, Plaintiff's motion for preliminary injunction

is denied.

## IV. Conclusion

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file aamended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction, filed September 27, 2010, is DENIED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and

///

///

6

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  December 17, 2010                    /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE