UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO. 1:10-CV-01655-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| STEVE PUTNAM, et al., | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

**Order**

**I.   Background**

Plaintiff Thomas L. Davis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1] Plaintiff initiated this action by filing his complaint on August 31, 2010. Doc. 1. On December 17, 2010, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. On December 30, 2010, Plaintiff filed his amended complaint. Doc. 20.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] "Actions under [42 U.S.C. § 1983] and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Amended Complaint**

Plaintiff was previously incarcerated at United States Penitentiary at Atwater ("USP-Atwater), where the events giving rise to this action occurred.  Plaintiff names as Defendants lieutenant Cameron Brigham, correctional officer Steve Putnam, correctional officer J. Harris, associate warden J. Bell, and the Designation and Sentence Computation Center ("DSCC") Administrator.

Plaintiff alleges the following.  On December 21, 2009, Plaintiff was put on protective custody status.  On June 21, 2010, Defendant John Bell stated that the DSCC informed USP-Atwater to resubmit another transfer after Plaintiff had served 12 months in the security housing unit (SHU).

On November 14, 2009, Defendant Brigham took Plaintiff's personal property.  On December 21, 2009, Defendants J. Harris destroyed Plaintiff's personal property.

Plaintiff alleges that he should not have been placed in USP-Atwater, because his separtees were already present before September 23, 2009.  Plaintiff was attacked by an inmate while at USP-Atwater on September 14, 2010.  Plaintiff alleges that on December 17, 2010, Defendant Steve Putnam put a sign on Plaintiff's door stopping his mail from being mailed out to

this Court.  Plaintiff alleges that on December 24, 2010, correctional officers messed with Plaintiff's rations.  Plaintiff alleges that on Christmas day, officers let another inmate spit on Plaintiff's food, forcing Plaintiff not to eat it.

Plaintiff requests as relief monetary damages.

### III.     Analysis

####       A.     Prison Transfer

Prisoners have no liberty interest in avoiding transfer to another prison.  *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976).[2]  Plaintiff thus fails to state a due process claim for a prison transfer.

####       B.     Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533; *see also Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").  The Federal Tort Claims Act provides a meaningful postdeprivation remedy.  Thus, Plaintiff fails to state a due process claim.

---

[2] The Court notes that Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.  Because Plaintiff is a federal prisoner and in federal custody, the Due Process Clause of the Fifth Amendment applies.  *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment's Due Process Clause applies to federal, not state, actors).  The Court will use the legal standards for analyzing the Due Process Clause of the Fourteenth Amendment here.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff contends that he was assaulted by another inmate. Plaintiff fails to allege which Defendants, if any, knew of and disregarded an excessive risk of serious harm to Plaintiff.[3]

Plaintiff alleges that correctional officers took Plaintiff's rations. Plaintiff alleges that the officers had another inmate spit in Plaintiff's food on Christmas day, which forced Plaintiff not to eat it. This fails to state a claim. Spitting in a person's food does not rise to the level of a serious harm in violation of the Eighth Amendment. It is unclear what Plaintiff means by the taking of Plaintiff's rations. Plaintiff has failed to allege how taking of rations on one day created a substantial risk of serious harm.

### D. First Amendment

Plaintiff alleges that on December 17, 2010, Defendant Steve Putnam put a sign on Plaintiff's door stopping his mail from being mailed out to this Court.[4]

---

[3] Plaintiff objects to the security level in which he was placed. Plaintiff fails to explain what he means. If Plaintiff is alleging that he should not have been placed in a certain security level, Plaintiff fails to state a claim, as prisoners have no liberty interest in their classification status. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

[4] Plaintiff alleges that the sign said, "I/M gets Nothing "Nothing" PER SIS ALL Mail to SIS." Plaintiff does not explain what SIS means. It is unclear whether Plaintiff's mail was prevented from being sent, or whether it was first screened prior to being sent.

4

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *abrogated in part on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). The Court does not find this allegation states a First Amendment claim. Plaintiff fails to allege that any Defendants actually prevented or censored Plaintiff's mailed documents to the Court. Plaintiff was able to mail this amended complaint to the Court, which was docketed on December 30, 2010. Plaintiff fails to explain how his First Amendment rights were violated.

## IV.     Conclusion

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff was previously provided an opportunity to amend his complaint to cure the deficiencies identified. Plaintiff was unable to state a claim. Accordingly, further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

   Dated:   **March 31, 2011**            **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE